## The Pennsylvania Canal Co. *versus* Bentley.

1. In an action for negligence if the plaintiff makes out a primâ facie case, the burden is on the defendant to disprove care and thus establish negligence in the plaintiff.

2. If the plaintiff's own case disclose contributory negligence he cannot recover.

3. It is negligence in a traveller crossing a railroad, not to stop and look up and down, because he is bound to presume that a train may be approaching.

4. Where a duty is defined a failure to perform it is negligence and may be so declared by the court.

5. Where the measure of duty is not unvarying and a higher degree is demanded in some circumstances than in others, a jury alone can determine what is negligence and whether it has been proved.

6. McCully *v.* Clarke, 4 Wright 406, adopted.

May 18th 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Juniata county :* No. 48, to May Term 1870.

On the 17th of November 1868, Ambrose H. Bentley brought an action on the case against the Pennsylvania Canal Company, for negligence in permitting the tow-path of their canal to be in so bad condition that a mule of plaintiff drawing a canal-boat was killed.

The case was tried before Graham, P. J., December 7th 1869. The plaintiff's evidence was, that in the summer of 1868, he was going westward on the canal with an empty boat; he had to his boat two teams of two mules each; the leading team was ten or twelve feet before the hind team in which was a blind mule; near the aqueduct over Delaware run there was a hole in the tow-path; the railing on the wall along it was off; the leading team passed safely around the hole, without afterwards stopping; the tow-line attached to the leading team rubbed against the hind mule's leg; the leading mule in the hind team passed the hole; the hindmost mule broke into the hole, pitched forward against the leading mule, both fell over the wall, and the leading mule was killed.

The plaintiff gave evidence also of the dangerous character of the place, of the care he took to avoid the danger, &c.

The defendants gave evidence for the purpose of showing negligence on the part of the plaintiff; amongst other evidence, that a blind mule was not suitable to use for towing a canal-boat; that the leading team should have stopped after passing the hole till the hind team had come up; that other teams had passed the hole in safety.

The plaintiff submitted three points and the defendants ten.

The 2d, 3d, 5th and 10th points of the defendants, with their answers, were as follows:—

2. Before the jury can find a verdict for the plaintiff he must show that his employees used that degree of care and prudence necessary to have prevented the injury, and he must show affirmatively that no negligence on the part of his employees contributed to the injury.

Answer: "This is not the law. If the defendant alleges negligence on the part of plaintiff or his employees, he must prove it. The plaintiff to recover must show negligence on part of defendant; and if to avoid the consequences of such negligence, defendant alleges the plaintiff was negligent, he must prove it."

3. If the jury believe that plaintiff's employees used a blind mule in the towing of his boat, the plaintiff must show his employees exercised more than ordinary care and caution in passing or attempting to pass the opening in the tow-path, otherwise he cannot recover.

Answer: "If the plaintiff used a blind mule in towing his boat, the law would require him to use proper and ordinary care under the circumstances, to wit, that one of his mules was blind; and if he failed to use such care as was prudent and necessary, considering that he had a blind mule in his team, then he cannot recover, if the blindness of the mule contributed to the accident and loss sustained."

5. If the jury believe from the evidence that plaintiff's employees might have avoided the injury by stopping one of his teams passing off the aqueduct bridge, and he failed to do so, and thus contributed to the injury, he cannot recover.

Answer: "If the jury believe from the evidence on this subject, that the plaintiff's employees were guilty of negligence in not stopping one of his teams passing off the aqueduct bridge, and thus contributed to the injury, the plaintiff cannot recover. By ordinary care, you will understand such as a sensible man, a prudent and cautious man, would exercise in the transaction of his own business."

10. The verdict ought to be for the defendant.

Answer: In answer to this point the court submitted to the

jury the question whether the plaintiff was entitled to recover under the evidence or not.

The verdict was for the plaintiff for $160.

The defendants removed the case to the Supreme Court, and assigned for error the answers to their points.

*E. D. Parker,* for plaintiffs in error.—A plaintiff claiming damages for negligence must make out a case resulting exclusively from the defendant's negligence: Waters *v.* Wing, 9 P. F. Smith 212; Catawissa Railroad Company *v.* Armstrong, 13 Wright 186; Railroad *v.* Norton, 12 Harris 465; Heil *v.* Glanding, 6 Wright 493. The judge should have charged that blindness in the mule contributed to the loss unless ordinary care under the circumstances had been exercised: Pennsylvania Railroad *v.* Zebe, 9 Casey 318; Railroad Company *v.* Heileman, 13 Wright 60; Morrison *v.* Davis & Co., 8 Harris 177; Huyett *v.* Philadelphia & Reading Railroad, 11 Id. 374; Philadelphia & Reading Railroad *v.* Spearen, 11 Wright 305. The case should have not been submitted to the jury. There was no dispute as to the facts under which the accident occurred: Pennsylvania Railroad Company *v.* Barnett, 9 P. F. Smith 264; McCully *v.* Clark, 4 Wright 406; Pennsylvania Railroad Company *v.* Henderson, 7 Wright 449; Railroad Company *v.* Aspell, 11 Harris 147.

*E. S. Doty,* for defendant in error, cited Beatty *v.* Gilmore, 4 Harris 463; Erie *v.* Schwingle, 10 Harris 384; Pittsburg *v.* Grier, 10 Id. 54; Waters *v.* Wing, *supra.*

The opinion of the court was delivered, July 7th 1870, by

SHARSWOOD, J.—This controversy is about a mule. Some great principles are supposed to be involved which it is necessary that the court of the last resort should settle. We often hear this alleged in cases in which it must be evident that the expenses will exceed the amount in dispute, or at least one would think the play not to be worth the candle. This ardent attachment to principle seems to be a marked characteristic of the people and bar of this state, and would be highly laudable if it were not accompanied with some counterbalancing public evils; such as the great increase of the business of this court and the harassing of suitors. There were no less than thirteen points presented in writing to the court below, and the learned judge was required to navigate through all the shoals and narrows of negligence and evidence of negligence; of contributory negligence and the *onus probandi.* He did so, however, with remarkable prudence and skill; and the printed argument of the plaintiffs in error has failed to convince us that he was guilty of a single error.

The first error assigned is in the answer to the defendants' second

[Pennsylvania Canal Co. *v.* Bentley.]

point, that it was incumbent on the plaintiff to show affirmatively that no negligence on the part of his employees contributed to the injury. This the court denied to be law. The plaintiff relies on Waters *v.* Wing, 9 P. F. Smith 213; but that case is against him. The court there expressly say that if the plaintiff makes out a primâ facie case, the burden is on the defendants to disprove care and thus establish negligence on the part of the plaintiff. It is undoubtedly true that when the plaintiff's own evidence discloses contributory negligence he cannot recover. But this is not peculiar to this class of cases, but extends to all. For if in an action on a book account the plaintiff's own evidence shows that it had been paid, he must fail. But that does not establish that the *onus* of proving affirmatively that it has not been paid is on him.

The second error assigned is in the answer to the defendants' third point, that the fact that the plaintiff had a blind mule in his team made it incumbent on him to use more than ordinary care. The judge very correctly answered to this that if he failed to use such care as was prudent and necessary, considering that he had a blind mule in his team, then he cannot recover, if the blindness of the mule contributed to the accident and loss sustained. Surely if the blindness did not contribute to the accident, it was no element whatever in the case. The question so far as this point was concerned could not have been more fairly and accurately submitted to the jury.

The third error is assigned to the answer to the defendant's fifth point, which was that "if the jury believe from the evidence that plaintiff's employees might have avoided the injury by stopping one of his teams passing off the aqueduct bridge, and he failed to do so and thus contributed to the injury, he cannot recover." The answer was: "If the jury believe from the evidence on this subject that the plaintiff's employees were guilty of negligence in not stopping one of his teams passing off the aqueduct bridge, and thus contributed to the injury, the plaintiff cannot recover." The contention is that this was negligence *per se*, not mere evidence of negligence. It is negligence for a traveller crossing a railroad track not to stop and look up and down, because he is bound to presume that a train may be approaching: The North Pennsylvania Railroad Company *v.* Heileman, 13 Wright 60. But surely no man is bound to presume that there is a hole in the middle of the highway, and if no warning of such a thing be given, to stop and go ahead and examine. Whether it was negligence in this case depended upon the circumstances; the knowledge of the existence of the hole by the plaintiff's employees, and the amount of care actually exercised. It is very notorious that with all the precaution a man can exert a dumb and obstinate animal like a mule is often unmanageable. It is very easy to say after an accident has happened that if this or that thing had been done it

16 P. F. Smith—3

might have been avoided. It must of necessity be a question of fact.

The fourth assignment of error is that the judge submitted the case to the jury. It is said that the facts were not disputed, and that upon the undisputed facts negligence was a question of law. There is no such principle except where a man violates a plain legal duty. "There are, it is true," said Mr. Justice Strong, "some cases in which a court can determine that omissions constitute negligence. They are those in which the precise measure of duty is determinate, the same under all circumstances. When the duty is defined a failure to perform it is of course negligence, and may be so declared by the court. But where the measure of duty is not unvarying; where a higher degree of care is demanded under some circumstances than under others; where both the duty and the extent of performance are to be ascertained as facts, a jury alone can determine what is negligence and whether it has been proved :" McCully *v.* Clarke, 4 Wright 406.

Judgment affirmed.