## Washington W. Wetzel *v.* The Philadelphia Traction Company, Appellant.

*Negligence—Street railways—Collision.*

In an action against a street railway company by a conductor in the employ of another street railway company to recover damages for personal injuries suffered in a collision between the car upon which plaintiff was employed and a car of the defendant, the case is for the jury where the evidence for the plaintiff, although contradicted, tended to show that the plaintiff's car, while running on the roadbed of his own company, ran into defendant's car which had been so negligently run in front of plaintiff's car, as to render a collision inevitable.

Two street railway cars used a double track in common to a point where the cars of one of them, the defendant, turned to the south on a switch to reach their terminus. As a west bound car of this company turned on the switch it collided with an east bound car of the other company on the south track. In an action by the conductor of the west bound car against the defendant company for injuries sustained in the collision by the alleged negligence of the motorman of the west bound car, it was held that the Act of April 4, 1868, P. L. 58, "relating to railroad companies and common carriers, defining their liabilities, and authorizing them to provide means of indemnity against the loss of life and personal injury" did not apply in this case.

Argued Jan. 6, 1898. Appeal, No. 147, Jan. T., 1897, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1895, No. 733, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BEITLER, J.

At the trial it appeared that the plaintiff was employed as a conductor on a car owned by the People's Traction Company. On June 23, 1895, at about half past ten in the evening, the car upon which he was employed going east upon the south track ran into one of the defendant's cars going west upon the north track on Girard avenue between Thirty-sixth and Thirty-seventh street, in the city of Philadelphia, and the plaintiff was severely injured. The terminus of the defendant's branch was a lot east of Thirty-seventh street and south of Girard avenue, and all of defendant's cars turned off on a switch at this point, to stop on the lot before returning on their eastward trip. The evidence on behalf of the plaintiff tended to show that the defendant's car was run with speed around the curve, and in such a negligent manner in front of plaintiff's car, that a collision was inevitable. The two companies used the track upon Girard avenue in common, east of the switch, but not west of the switch. The diagram on page 409 shows the scene of the accident.

The court charged in part as follows:

Under the law the Philadelphia Traction Company is answerable for the negligence of its employees. Negligence is ordinarily a question of fact for the jury. The law has defined it to be a want of care under the circumstances of a case, a failure under certain circumstances to do that which under certain circumstances a reasonably cautious and prudent man ought to have done, or a failure to do that which a reasonably cautious man ought to have done. The law also lays down the rule that there can be no recovery where both sides are at fault. The law furnishes no scale by which a jury can decide which one of two careless people was the more careless, or which one of two wrongdoers was more in the wrong than the other. It simply says that if there was fault on both sides, neither can recover from the other.

Now, applying those simple principles to this case, gentlemen, it will be your duty to determine one single question, and that is, was the servant of the Philadelphia Traction Company alone responsible for this accident? If in weighing the testimony you reach the conclusion that the two men were to blame, that the Girard avenue line and the Philadelphia Traction line, were responsible, both of them, for this accident, then there can be no recovery in this case. In determining that question you will, of course, take all the evidence in this case. I presume the locality and its surroundings are sufficiently understood by you without any explanation on my part, and hence from the very slight allusion I shall now make to the facts, I do not want you to consider that I am attempting to review them all. I do not want you to consider that that which I allude to is any more important than that which I do not, but I shall only make mention of a few facts for the purpose of illustration.

The yellow car was going west up hill on the northern track of Girard avenue. The terminus of the Philadelphia Traction Company Branch was a lot at 37th, or just east of 37th and Girard avenue and south of Girard avenue, and all the yellow cars of the Philadelphia Traction Company which ran across Girard avenue bridge had to go to that point and stop there before returning on their eastward trip. That was a fact of course known to all the employees of both companies using Girard avenue. It was a rule testified to have been the rule of all the companies, that cars going round curves must go round slowly. If there had been no testimony that there was any such rule, I think it would have been recognized that cars should go slowly round curves.

The contention on the part of the defendant company is that when the yellow car reached that switch it had a right to go on crossing the south bound track, and the contention is that the Girard avenue car should have been under such control approaching that place known to everybody to exist, as that the car could have been stopped. The contention of the plaintiff, however, is that seeing the car coming down the hill, the motorman on the other line ought not to have turned in on that street, or that having turned in on that switch he ought to have gone across with more expedition than he did

The fact is that the yellow car was struck when about from one foot to four feet forward of the rear end of the car.

Now gentlemen, it will be for you in weighing this case to decide whether there was negligence on the part of both those motormen, whether there was negligence on the part of the Girard avenue man as well as on the part of the yellow car man, or whether that accident was the result solely and alone of the action of the motorman of the yellow car. If you find that the Girard avenue car was properly run, that there was no negligence on the part of the motorman of that car, and that the negligence in this case was the negligence of the Philadelphia Traction Company alone, then you can proceed to consider the question of damages, and only if you so find.

Defendant's fourth point and the answer thereto were as follows :

Under all the evidence the verdict should be for the defendant. *Answer :* Refused.

Verdict and judgment for plaintiff for $10,000. Defendant appealed.

*Error assigned* was refusal of defendant's fourth point.

*Thomas Leaming,* with him *Henry C. McDevitt,* for appellant.—The learned court erred in refusing binding instructions, inasmuch as it was conceded that the plaintiff could not recover if the motorman (who was under the plaintiff's control as conductor) was contributorily negligent, and it was undisputed that he approached the switch, neglecting to keep such a lookout, and his car under such control, as would enable him to stop it as the other car slowly crossed, and that he knew it always so crossed, which was negligence per se : Patton v. Traction Co., 132 Pa. 76.

The learned court erred in refusing binding instructions inasmuch as sec. 1, Act of April 4, 1868, P. L. 58, is an absolute bar to the plaintiff's recovery : Mulherrin v. D., L. & W. R. R., 81 Pa. 366 ; Kirby v. Pa. R. R., 76 Pa. 506 ; Stone v. Pa. R. R., 132 Pa. 206 ; Spisak v. B. & O. R. R., 152 Pa. 281.

*E. O. Michener,* for appellee.—The question of negligence was for the jury : Thatcher v. Traction Co., 166 Pa. 67.

The act of 1868 does not apply. The plaintiff's car was on the roadbed of the railway company employing him. He was engaged in the occupation of running that car for that company, and upon their own tracks, and upon that portion of their tracks in which the defendant company had no right, and his labor can by no possibility be claimed as having had anything to do with the operation of the defendant company : Richter v. Penna. Co., 104 Pa. 513 ; Traction Co. v. Orbann, 119 Pa. 41 ; Christman v. R. R., 141 Pa. 613 ; Spisak v. R. R., 152 Pa. 281 ; Vannatta v. R. R., 154 Pa. 262.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 17, 1898 :

That this case involved cardinal questions of fact which the court below was bound to submit to the jury for their consideration and determination is too clear to admit of any rational doubt. It was accordingly submitted by the learned trial judge in a clear, impartial and fully adequate charge that is beyond the reach of any adverse criticism of the defendant. After concisely and accurately instructing the jury as to the law applicable to such facts as the evidence tended to prove, he further instructed them, in the very words of defendant's first three points for charge, thus :

1. If the jury believes from the evidence that the collision was due to the negligence of the motorman of the People's Traction Company, then the plaintiff, being the conductor of the same company, cannot recover.

2. If the jury believes from the evidence that the collision was due to the negligence of both motormen, then the plaintiff's right to recover is barred.

3. The plaintiff, in order to recover in this case, must prove affirmatively that neither himself nor the motorman of the car upon which they both worked was guilty of negligence, and that the servants of the defendant company, and they alone, were negligent, and that their negligence was the proximate cause of the injury.

The first clause of this proposition is more favorable to defendant company than it should have been. In making out his case, the plaintiff was not bound to prove such negative facts : Canal Co. v. Bentley, 66 Pa. 30 ; Bradwell v. Railway Co., 139 Pa. 404 ; Baker v. Gas Co., 157 Pa. 593.

The verdict for plaintiff necessarily implies that the jury found in accordance with the third proposition, supra, "that neither (the plaintiff) himself nor the motorman of the car upon which they both worked was guilty of negligence, and that the servants of the defendant company, and they alone, were negligent, and that their negligence was the proximate cause of the injury." It also implies that the jury were unable to find the facts of which either the first or the second proposition, supra, is predicated, for otherwise their verdict would have been for the defendant. It follows, therefore, that under each of the three foregoing requests for instruction submitted by defendant and affirmed by the court, the jury found the facts against the company. That practically disposed of its entire defense. But, in addition to said requests the defendant, in its fourth and last point, asked the court to charge that, "under all the evidence, the verdict should be for the defendant." Refusal to give this binding instruction, and thus take the case from the jury, constitutes the only assignment of error on the record.

In view of the fact, clearly and conclusively shown by the testimony, that controlling questions of fact, for the exclusive consideration of the jury, were presented and had to be submitted to them, the learned judge was undoubtedly right in refusing to charge as requested. That such disputed questions of fact were presented is evidenced by the defendant's first, second and third points for charge, supra. While those and similar questions requiring submission of the case to the jury were clearly presented, there is nothing whatever in the record, from beginning to end, that would have warranted the court in directing a verdict for the defendant. The Act of April 4, 1868, P. L. 58, is inapplicable to any of the facts of this case. Further elaboration is unnecessary.

Judgment affirmed.