## Duff *versus* Allegheny Valley Railroad Co.

1. A person riding on the train of a railroad company in violation of the regulations of the company, with or without the knowledge of the company's employees, cannot recover damages for injuries received while so riding.

2. A boy was permitted by a conductor to ride on the train of a railroad company, to sell newspapers, in violation of the regulations of the company, and was killed by an accident. *Held,* that the boy was a mere trespasser, and the company was not liable.

October 24th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Venango county:* Of October and November Term 1879, No. 124.

Case by Thomas H. Duff and Mary M. Duff, his wife, in right of said wife, against the Allegheny Valley Railroad Company to recover damages for the death of James Cordell, a son of Mrs. Duffy, by a former husband, which lad, it was alleged, was killed by the negligence of the defendant company.

The facts are sufficiently stated in the opinion of the court below, Church, P. J., of the Thirtieth Judicial District; the material portions of which were as follows:—

"You now come to another question which is the more serious question of all. Railroad companies being common carriers are under duty to carry passengers in safety. It is their duty to have

[Duff v. Allegheny Valley Railroad Co.]

such road-bed and machinery (rolling-stock as it is called) as to enable them to carry passengers safely, and that the latter shall not lose their lives or their limbs. This is also their duty in a more limited sense as to their employees. The latter duty is not as great as the former.

" An employee cannot recover unless the employer has been guilty of such gross negligence and gross wrong as would be implied from this state of affairs. For example, an employer is bound to furnish safe and sound mechanical appliances about which the employee is to work. A railroad company, so far as its duty to its employees, is bound to furnish safe and suitable cars, engine and track. They are not bound to guard them against any negligence on the part of their fellow employees. This is shown in the distinction between the passenger and the employee. But it is alleged that the boy, for whose death this suit is brought, was neither an employee of defendant nor a passenger on their road.

" It appears from the evidence that the fireman on this train running regularly between Oil City and Brady's Bend, going down the road in the morning and back again in the afternoon, was a young man by the name of Scott, who was a step-brother of this deceased, who was about fifteen years old when he first went into the business he was engaged in when he met his death. This fireman contrived or arranged with the conductor of the train, or of his own motion he procured a verbal permit for this step-brother of his to ride upon this train and sell newspapers. This seemed to be a sort of passive acquiescence on the part of the conductor. It is in evidence that the conductor had no authority to let any person ride upon the road without paying fare. It is in evidence that this boy did not pay fare. It is also in evidence by the rules of the company, that the conductor is not allowed by these rules to permit any one to ride upon a train except passengers who do pay or have paid their fare, or who have tickets or free passes signed by some of the proper officers of the company, and the conductor violates his duty if he permits any one to ride upon the train, except he is one or the other of these three classes.

" It is in evidence, therefore, that this boy for four or five months had, through the instrumentality in some way of the fireman, his step-brother, got on to this train and sold papers. The conductor says he had no authority to let the boy ride there, but it was by a sort of passive permission upon the part of the conductor, procured thereto by the fireman. It is also in evidence that the boy did nothing on or about the train, except sometimes he might have been asked by the conductor to light one of the lamps. It is not alleged or proven that the boy's duty was to light lamps, build or replenish fires, or do anything else about the train. If he did any of these things he did it as a friend to the brakeman, whose duty it was to do these things. Now, if this be the case, we say to you that this

[Duff *v.* Allegheny Valley Railroad Co.]

deceased boy was neither a passenger, for he did not come within that category by having paid his fare, having a ticket or free pass, nor was he an employee of the defendant; but being on that train as stated he was an intruder or trespasser, not, of course, that he was a wilful trespasser, in that he had used force, but that he was an intruder or trespasser upon the train in that he was a stranger to it and was where he had no lawful business to be; and we say to you that if this boy was on the train as a trespasser without authority from any one having power to give it, plaintiff cannot recover damages, except for intentional injury or very gross negligence, and then probably not from the company but from the person causing the damage.   If a person is invited on a train by some employee of the company not having the supreme control in that department of the company's business, but it is at the time out of the range of his employment, and the person invited is injured whilst so on the train, the company is not liable.

"'Where, by the rules of the company, the engineer and fireman are prohibited from taking any one on the engine, except the conductor of the train or the agent having control of that branch of the company's business, and the engineer and fireman permit a man to ride, or invite him on to the engine, it is out of the usual course of the company's employment, and if the person so invited is injured through carelessness, 'the company is not responsible.   The reason a right to recover exists is because the company comes under some duty to the person which makes the protection necessary.' We cannot see where the company came under any duty to this boy under the circumstances of the case; and the words we have quoted above are approved by the Supreme Court.   You are to take the law of the case from the court.   If we are wrong, the Supreme Court will set us right.

"This boy is said to have been a bright, active boy, say fifteen and one-half years old, and had been in and around the train for six months.  He knew a great deal about the train and its employment. If he was there by the invitation of the fireman, permitted by the conductor, for the purpose simply of pursuing his own employment, and without the authorization of the company's superior officers, then he was an intruder and stranger upon the train, and the company came under no obligation to him, and his mother cannot recover in this action,   The reason recoveries are allowed to be had against corporations is because they owe a duty to the passenger for the consideration of the fare paid, but in the absence of fare paid or invitation from the superior officer, to wit, the free pass, the company has neither expressly or impliedly agreed to carry such person safely.

"We believe this to be decisive of this case if you believe the testimony."

[Duff v. Allegheny Valley Railroad Co.]

The verdict was for defendant, when plaintiffs took this writ and alleged, inter alia, that the court erred in charging as above.

*Isaac Ash* and *James D. Hancock*, for plaintiffs in error.—If the court below is sustained, this court must reverse its rulings in Hydraulic Works Co. v. Orr, 2 Norris 333; Oakland Railway Co. v. Fielding, 12 Wright 320; Railway Co. v. Caldwell, 24 P. F. Smith 421.

. If the agents of the company, in violation of the rules of the company, permitted the deceased to ride, the company cannot repudiate the acts of its agents so as to free themselves from responsibility for negligence: Redfield on Railways, 3d ed., vol. 1, p. 510; Jones v. Western Vermont Railway, 27 Vt. 110; Lackawanna and Bloomsburg Railroad Co. v. Chenewith, 2 P. F. Smith 382; Powell v. Pennsylvania Railroad Co., 8 Casey 414; Idem v. McCloskey's Administrators, 11 Harris 526.

*E. S. Golden*, for defendant in error.—The case of Flower v. The Pennsylvania Railroad Company, 19 P. F. Smith 213, is conclusive of this question. The rules of the company prohibited the boy from being upon the train, whether he was there by invitation of the conductor or the fireman. Rule No. 117, governing the conductors, is as follows: "They will not pass any person without a ticket or pass from the proper officers of the company; and it will be considered sufficient cause for the dismissal of any conductor who shall allow a free passage to any person without having such ticket." See also Kirby v. Pennsylvania Railroad Co., 26 P. F. Smith 506.

It is clear from the evidence that the conductor never permitted this boy to ride upon the train, but that he was there by invitation of the fireman, who was his half-brother. Even if the boy was upon the train colluding with the conductor, he could not recover. "A person riding upon a train of a railroad company without the knowledge of the company's employees, or in collusion with them or otherwise, knowingly in violation of the regulations of the road, cannot recover damages for injuries received while so riding:" Toledo, W. & W. Railroad v. Brooks, 81 Ill. 292.

The judgment of the Supreme Court was entered November 3d 1879,

PER CURIAM.—This was an action by a parent to recover damages for the death of her son on account of the alleged negligence of the defendants. It is clear, from the evidence, that the boy was on the train from day to day, not as a passenger or employee of the company, but by the connivance of the conductor, in order to sell newspapers. It is not like a person allowed by the conductor to ride in a car as a passenger without paying fare. In that case

there is a legal liability to the company for the fare. This is the case of a mere trespasser, and the company owed him no duty. We are of opinion that the rulings of the learned judge below were right.

Judgment affirmed.