## Jones *v.* United Traction Company, Appellant (No. 2.)

*Negligence—Street railways—Infant of tender age—Negligence of parent.*

In an action against a street railway company by a father to recover damages for personal injuries to a child of tender age, the court cannot say as a matter of law that the parent was negligent, where it appears that immediately before the accident the child was playing in a front room of her father's house, that an elder sister fifteen years of age was watching her while scrubbing the board walk in front of the home, and that when the sister went to the rear of the house to get a bucket of water and returned after a minute or two, the child had gone from the house and was struck by a car in the street.

Argued Nov. 4, 1901. Appeal, No. 116, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1900, No. 712, on verdict for plaintiff in case of Edward Jones v. United Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass by a father to recover damages for personal injuries to a child two years old. Before McCLUNG, J.

See previous case.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $400. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Edwin W. Smith*, with him *Knox & Reed*, for appellant.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 6, 1902:

We heard this appeal in connection with No. 115, October term, 1901, in which we have just decided that the question of the appellant's negligence was for the jury. They have found that it was guilty of negligence, and the judgment in favor of the father cannot be disturbed, unless the court should have instructed the jury that his negligence in not taking proper care of his child stood in the way of his right to recover. Immediately before the accident, the child, Ruth E. Jones, was in the front room of her father's house, playing or lying on the floor, and an elder sister, Ada, fifteen years of age was watching her while scrubbing the board walk in front of the home. Ada went to the rear of the house to get a bucket of water, having been absent but a minute or two, and when she returned the baby was gone. The little thing, within that short interval, had gone from the house to the street where she wandered into the danger that crippled her for life. The parents had not permitted her to go upon the street and stroll wherever her caprice might take her, but, having been watched by an elder sister, in an instant when the latter had left her for the purpose named, she wandered forth. Surely it cannot be seriously contended that under these conditions the court ought to have told the jury that the parents' negligence was a barrier to the father's right to recover. The case is not that of a parent permitting his child to run at large, without any protector, on a public street traversed constantly by street cars: Glassey v. Hestonville, etc., Pass Ry. Co., 57 Pa. 172; but it is that of a child in charge of an elder sister who, almost in the twinkling of an eye, when the latter's back was turned, escaped from the home and ran into danger, and is controlled by Pearson v. Pittsburg, Allegheny & Manchester Ry. Co., 72 Pa. 169, and the later cases. The court properly refused to take the father's case from the jury on account of his carelessness, and the judgment is affirmed.