## Addis *v.* Hess, Appellant.

*Negligence—Infant—Piling lumber on highway—Contributory negligence of parent.*

Where a builder under a permit from the city authorities piles building materials on the cartway of an asphalted street, in so negligent a way that the pile falls and kills a boy four years old who is playing on the sidewalk, the builder will be liable in damages for the death of the child.

In such a case where it appears that the father of the child was a workman, practically unable to exercise direct and immediate control of the actions of his children, and that at the time of the accident the boy was playing with other children, and with a sister seven or eight years of age, and that the child was not on the cartway, the father cannot be convicted of contributory negligence.

Argued Oct. 20, 1905. Appeal, No. 120, Oct. T., 1905, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1903, No. 1783, on verdict for plaintiff in case of Alice Addis, a minor, by her father, Charles A. Addis, individually, and Charles A. Addis, father of Robert D. Addis, a minor, deceased, *v.* Henry E. Hess or Harry E. Hess. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for the death of a child. Before McMICHAEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $212. Defendants appealed.

*Error assigned* among others was in refusing binding instructions for defendants.

*J. Quincy Hunsicker Jr.*, for appellant.—No inference of neglect can arise from the mere occurrence of the accident: Zahniser v. Torpedo Co., 190 Pa. 350; Alexander v. Water Co., 201 Pa. 252; Snodgrass v. Carnegie Steel Co., 173 Pa. 228.

Where a parent is negligent, he cannot recover for the loss of services of his child. It is well settled that a child of tender

years is held only to the exercise of that degree of care and discretion ordinarily to be expected of a child of that age : Smith v. O'Connor, 48 Pa. 218 ;. Kay v. Penna. Railroad Co., 65 Pa. 269 ; Glassey v. Ry. Co., 57 Pa. 172 ; Ry. Co. v. Pearson, 72 Pa. 169 ; Smith v. Ry. Co., 92 Pa. 450 ; McCool v. Lucas Coal Co., 150 Pa. 638 ; R. R. Co. v. Long, 75 Pa. 257.

*Jay R. Grier,* with him *James R. Grier,* for appellee.—The materials if not properly placed on the street, and injury resulted, with negligence on appellant's part, from not properly protecting the rights of the public passing thereby, renders the appellant liable for such carelessness : North Manheim Township v. Arnold, 119 Pa. 380 ; Mallory v. Griffey, 85 Pa. 275 ; Rachmel v. Clark, 205 Pa. 314 ; Hydraulic Works Co. v. Orr, 83 Pa. 332 ; Busse v. Rogers, 64 L. R. A. 183.

OPINION BY BEAVER, J., November 21, 1905 :

The defendant was erecting a block of houses on the east side of Wanamaker street, which runs north from Arch, between Fifty-eighth and Fifty-ninth streets, in the city of Philadelphia.    He had a permit from the city authorities to use the street, within certain limits, for piling materials for his building operation.   So far as appears by the evidence the lumber, which was part of his building material, was dumped or piled within the limits allowed.   For the purposes of this case, therefore, the defendant was legally in possession of that portion of the street occupied by his lumber pile, and this, as we understand the position of the plaintiff, is not denied. The plaintiff lived on North Fifty-eighth street, his lot running west to Wanamaker street, in the immediate vicinity of the building operation of the defendant.   Two of his children— Alice, whose age was between seven and eight years, and Robert, who was between four and five years of age—were playing with other children of the neighborhood upon the sidewalk near the pile of lumber above referred to, which was about fourteen inches or thereabouts from the curb.   While the children were at play, apparently kneeling upon the curb, with their heads and upper parts of their bodies extended, playing with sand which had washed down from the mortar bed, the lumber pile, in some unknown way, toppled over,

catching the children in its fall and burying the upper parts of their bodies under the lumber, with the lower extremities upon the sidewalk, and, as one of the witnesses expressed it, with their stomachs upon the curb. The little fellow, Robert, was buried under the lumber and taken out dead or dying, so that he breathed his last in a few minutes after being released. His older sister was bruised and otherwise injured, and this suit was originally brought to recover for the injuries to the one and the death of the other child. As the issue was finally made up and tried, however, the damages claimed were confined to those occasioned by the death of Robert.

Although the assignments of error are eleven in number, covering the adverse answers to the sixteen points submitted by the defendant for the guidance of the court below, the real question, as stated and argued, is the refusal to answer the first point which was, " Under the evidence in this case the verdict must be for the defendant," and this, first, upon the ground that there was no sufficient evidence of the defendant's negligence, and, second, that there was evidence of the plaintiff's contributory negligence. Of these in their order :

1. Was the defendant negligent ? As was held by the court below he had a legal right to the use of the portion of the highway occupied by him for depositing and piling his building materials, provided he used the same in a prudent and careful manner and stored his materials in such a way as not to endanger the life or the person of those who might have an equal right to the enjoyment of the highway. There was evidence to show that the lumber pile in question was not safely piled. The evidence of one witness was that, as she saw it from a house in the immediate neighborhood, the pile was top-heavy. It is to be remembered also that the street was graded, curbed and asphalted, in consequence of which it would be impossible for the lumber to make any bed for itself by making any impression upon the hard, smooth surface of the street, and that it would naturally lean toward the curb, unless a foundation had been prepared for it in such a way as to make it perpendicular. There is no evidence of any such preparation. On the other hand, it appeared that the lumber had been dumped from the wagon or wagons which brought it there, and had been loosely piled in such a way as the superintendent tes-

tified seemed to him safe.    There was, therefore, evidence to be submitted to the jury on the question of the defendant's negligence in piling the lumber.

2. Was the plaintiff guilty of contributory negligence ?    It is admitted, of course, that the child could not be guilty of such negligence, but it is claimed and argued very strenuously that the plaintiff, by permitting his child to play upon the street, either upon the sidewalk or the pavement, manifested such lack of care in controlling his children that he is guilty of such contributory negligence as would prevent his recovery, and that this should have been so declared as a question of law.

We have no desire, nor is it necessary, to enter upon the debatable ground of Hydraulic Works Co. v. Orr, 83 Pa. 332. That case has been much commented upon, and has lately been discussed and criticised in Duffy v. Sable Iron Works, 210 Pa. 326.    It was a case in which a child was killed by a falling drawbridge or incline plane upon the premises of the defendant near a public highway, the children playing thereon having strayed through an open gate into the defendant's inclosure, and the accident having there happened.    The debatable ground is as to the right of recovery, where the accident is upon private property, those who were injured being in fact trespassers.    We refer to it now, however, for the recognition which is therein made and which has been followed since, that children have a right upon the public highway, under certain circumstances, even for play, and that those who use the highway and, as was held in that case, even those who have property abutting on the highway, are bound to take notice of the instincts of children and their propensity, from curiosity or otherwise, to play and follow their natural impulses.

Without going extensively into the consideration of the authorities, cited by both the appellant and the appellee, a reference to two or three late cases will perhaps be all that is necessary.

Kessler v. Berger, 205 Pa. 289, was a case in which a lad, on his way from a ball game, sat down upon a board in the neighborhood of a pile of lumber in the public street for rest, upon whom the lumber subsequently fell, seriously injuring him.

The court below directed a verdict for the defendant, and the contention by the appellee on appeal was " that the boy was a lounger, and was, therefore, not making a legitimate use of the street at the time he was injured." Mr. Justice MESTREZAT, who delivered the opinion reversing the court below, goes on to say : " The boys who were called as witnesses testified that they had finished the game of ball before they took their seats near the board pile to cool off. They evidently had then left the lot, and the inference may well be drawn that, at the time of the accident, they were en route home and had made a brief stop to rest from the fatigue incident to the game in which they had just been engaged. . . . In such a case, where the facts are disputed, it is for the jury, under proper instructions, to determine whether the traveler is making a lawful use of the highway at the time he is injured."

The facts in that case are somewhat different from those developed in the testimony in the case which we are considering. The pile of boards there was said to be illegally in the highway. Here they were there by permit from the city authorities, and are presumed to have been there of right, but the question as to whether or not the right given to the builder was properly exercised raises the question of negligence as much as the illegal occupancy of the highway in the other case. The case here is also differentiated from that, in that the injury there was upon the roadway. Here the children were not in the roadway but upon the sidewalk, where they had an undoubted right to be, even for the purposes of childish play and diversion, if they did not thereby interfere with the use of the highway by pedestrians who had the right to use it.

We have also the late case of Del Rossi v. Cooney, 208 Pa. 233, which was an action to recover damages for the death of a child four years old run down by a wagon in a street, in which it was said: " Parents owe the duty of protection to their child of tender years and they must exercise care to prevent it being exposed to danger, in order to relieve themselves from the charge of contributory negligence if the child is injured through the fault of another. When, therefore, a parent seeks to charge a negligent defendant with injury to his child, it must appear that he has used the care towards it demanded of him by the circumstances. The care thus required, however,

is only such as persons of reasonable prudence, of the same class and with the same means, ordinarily exercise and deem adequate to protect their children from danger."

In Evers v. Phila. Traction Co., 176 Pa. 376, it appeared that a child aged four years, in company with his brother, aged about eight, was permitted by the mother to go to the coal box on Meade street, where there was no railway track. When she had completed her motherly duty to the second child (washing and dressing it) and one of the daughters had returned from church, she sent for both children. The eldest returned; the deceased one refused. She immediately sent again for him but, before he was reached, the caprice and heedlessness of childhood had led him to Front street, where he was killed by a trolley car. In that case Mr. Justice DEAN says : " It was not for the court to say, from this evidence, the parents were negligent. We think the following instruction of the learned judge of the court below on this evidence was all that defendant had the right to ask : ' It is the duty of parents to look after their children of tender years and not to turn them out amid the dangers from accidents which occur upon crowded streets and where trolley cars are running about, filled with the suggestions of danger to the lives and limbs of children. They ought to exercise reasonable and proper care and one of the questions you are called upon to determine is as to whether or not these parents did exercise such due care in looking after this child.' "

The case here was we think also a question for the jury. The plaintiff was in humble circumstances, leaving his home at 6 o'clock in the morning and returning at five in the evening, and, therefore, practically unable to exercise direct and immediate control of the actions of his children. The child, who was killed, was with his older sister, who was between seven and eight years of age. They were playing with other children of the neighborhood. They were not in the roadway. They were upon the sidewalk engaged in an almost universal pastime of children—playing with sand which had washed down from a mortar bed or from a pile of sand in the roadway, used in making mortar, and, whilst thus engaged, leaning over the curb, the pile of lumber, without any act on their part and apparently without human intervention, fell upon them, killing

the boy and imprisoning the sister and other children who were with her under the lumber, inflicting injuries of greater or less severity. Negligence is the want of care according to the circumstances and we think the question of contributory negligence, under the circumstances, as developed by the testimony at the trial, was properly left to the jury, under instructions which met the requirements of the case.

This case is to be distinguished from the line of cases of which Glassey v. Hestonville, etc., Pass. Ry. Co., 57 Pa. 172, is an example, in which it is held to be contributory negligence to knowingly permit a child to be on the street with trolley or railroad lines thereon, where cars are likely to pass at any moment where there is an entire absence of parental control. The cases, therefore, cited by the appellant, relating to the contributory negligence of parents in accidents caused by trolley and railroad companies, have no application here. In some of them, however, notably Pittsburg, etc., Ry. Co. v. Pearson, 72 Pa. 169, and P. & R. Railroad Co. v. Long, 75 Pa. 257, the question of contributory negligence was held to be for the jury, and in Smith v. Hestonville, etc., Pass. Ry. Co., 92 Pa. 450, and McCool v. Lucas Coal Co., 150 Pa. 638, the children injured were engaged in a hazardous employment to which the parents gave their assent and it was, therefore, held that they had no right to recover. One of the reasons why the children of the plaintiff here were permitted to play upon the rear of his lot was that there was no danger from the cars on Wanamaker street. The case throughout shows at least an honest effort at parental control and, in view of all the cases, we cannot see that the court below would have been justified in ruling, as a matter of law, that the plaintiff was guilty of contributory negligence. The assignments of error are, therefore, overruled.

Judgment affirmed.