Davis *v.* Westmoreland County Railway Company, Appellant.

*Negligence—Street railways—Motorman—Duty to keep a general lookout —Infant—Duty of parents—Case for jury.*

It is negligence for a traveler along the streets of a city not to keep a general lookout where he is going. This rule applies not only to foot passengers and drivers of vehicles, but also to motormen in charge of street cars.

Where a motorman sees a child ten years old running parallel to the tracks, and so close that a step or two might bring her upon them at any instant, the danger to the child is not so imminent as to justify the motorman as a matter of law in closing his eyes to other obstructions or risks in his path. If, in such situation, he diverts his attention to such an extent as to run over another child, the question of his negligence is one for the jury.

Where a mother, the wife of a miner, leaves a child two years old in charge of an older daughter, ten years old, and goes on an errand, while the husband is at his work, and the younger child is injured by an electric street car, the question of the parents' negligence is for the jury.

Argued Oct. 9, 1908. Appeals, Nos. 178 and 179, Oct. T., 1908, by defendants, from judgment of C. P. Westmoreland Co., Nov. T., 1907, No. 544, on verdict for plaintiffs in case of Loretta Davis, minor, by her next friend and father, John E. Davis, and John E. Davis, in his own right, v. Westmoreland County Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child two years and three months old. Before Doty, P. J.

At the trial it appeared that on August 12, 1907, the mother of Loretta Davis left Loretta in charge of another daughter, ten years old, and went on an errand. The father of the child, John E. Davis, was at the time at work in the mines where he was employed. During the absence of the parents Loretta was run over by an electric car and seriously injured. There was evidence that immediately before the accident, the motorman's attention had been diverted by a little girl running parallel with the tracks, and in somewhat dangerous vicinity to them.

Verdict and judgment for Loretta Davis for $2,000 and for John E. Davis for $800. Defendants appealed.

*Error assigned* was in refusing binding instructions for defendants.

*Wm. A. Stone,* with him *Jas. S. Beacom, David L. Newill, Stephen Stone* and *Albert P. Meyer,* for appellants.

*Chas. C. Crowell,* with him *Curtis H. Gregg* and *Sidney J. Potts,* for appellees.

Per Curiam, November 2, 1908:

When the larger child ran out of the house and along the tracks the motorman's attention was naturally and properly directed to her. Though she was not on the tracks she was running parallel to them and so close that a step or two might bring her upon them at any instant. But the danger to her was not so imminent as to justify him, as a matter of law, in closing his eyes to other obstructions or risks in his path. He was bound to keep a general lookout in the performance of his duties.

It is negligence in a traveler along the streets of a city not to keep a general lookout where he is going. This was the rule held in regard to a foot passenger in Robb v. Connellsville Boro., 137 Pa. 42; Harris v. Commerical Ice Co., 153 Pa. 278; and the same rule was applied to the driver of a vehicle in Graham v. Philadelphia, 19 Pa. Superior Ct. 292.

This being the law in regard to negligence in an ordinary traveler, a fortiori applies to the motorman in charge of a car. Whether in this case he did so, as far as the circumstances permitted, or whether notwithstanding the primary call upon his attention he should have seen the smaller child in time to avoid it, was a question of fact which only a jury could answer.

On the second question, the negligence of the parents in allowing so young a child to be upon the street, under the circumstances is equally clearly a question for the jury: Woeckner v. Erie Electric Motor Co., 182 Pa. 182; Jones v. United Traction Co., 201 Pa. 346.

Judgment affirmed.