# Zimmerman et ux. *v.* Younker et al., Appellants.

*Negligence—Automobiles—Children—Death — Proximate cause —Contributory negligence.*

In an action of trespass to recover damages for death of plaintiffs' minor child, the case is for the jury and a verdict will be sustained, where the evidence established that the four-year-old child of the plaintiffs was struck by an automobile of the defendant while crossing a street and the chauffeur admitted that he saw the child standing on the curb one hundred feet away before reaching the place of the accident, and another witness testified he started to cross the street when the car was twenty-five feet away.

Where in such case the parents of the deceased child who were working people in reduced circumstances, permitted their child to leave their home in the custody of another child aged 11 years, the question of whether or not they were guilty of contributory negligence in permitting such course of conduct was for the jury.

Argued April 22, 1924.   Appeal, No. 164, April T., 1924, by defendant, from judgment of C. P. Cambria Co., September T., 1921, No. 548, on verdict for the plaintiff in the case of Deney C. Zimmerman and Henrietta Zimmerman, his wife, v. Jacob Younker, Arthur Stewart, Ross Stewart, Wesley Washington and Fred. Lawrence, Trading as J. Y. Baggage Transfer & Taxi Service.   Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages for death of minor child. Before McCANN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $1,000 and judgment thereon.   Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*J. I. Kintner,* and with him *Forest* and *Percy Allen Rose,* for appellant.—The conduct of the caretaker constituted negligence, which was the proximate cause of the injury: Glassey v. Hestonville, etc., Passenger Railway Company, 57 Pa. 172, 174; Pollack v. Railroad Company, 210 Pa. 634; Pennsylvania Company v. James and Wife, 81½ Pa. 194; Parker v. Street Railway Co., 207 Pa. 438, 441; Gress v. Phila. & Reading Ry. Co., 228 Pa. 482, 486.

*Frank P. Barnhart,* for appellees, cited: P., A. & M. Ry. Co. v. Pearson, 72 Pa. 169.

OPINION BY LINN, J., July 2, 1924:

The verdict determines that plaintiffs' son, four years old, died of injuries resulting from defendants' negligence.   The case is here on a single point; appellants contend that, as matter of law, the parents' contributory

negligence bars recovery.   The jury was instructed on
the subject and appellants find no fault with the in-
structions, but insist the matter was not for the jury.

Giving the plaintiffs the benefit of the inferences from
the evidence and favorable to them, and rejecting all
others, we have the following: the boy's mother was en-
gaged in doing her own housework, having no one else to
do it for her, when her brother, aged eleven, appeared and
asked permission to take her four-year-old son to a neigh-
bor's to see some pets; the mother dressed the child for
the purpose and permitted him to go; the uncle had taken
him out before.   After an absence of about forty minutes,
the uncle returned without the nephew and informed the
mother that the nephew was with a little girl, getting a
piece of ice from an ice wagon.   She immediately went in
pursuit of him but before reaching the street, learned he
had been struck.   The chauffeur saw a group of children,
including the boy, "three or four hundred feet" ahead of
him, and saw the boy one hundred feet away before reach-
ing the place of the accident; the boy was then standing
on the curb; a passenger in the automobile also saw him
there; at that time he was standing with other children
on the sidewalk.   Another witness saw the boy leave the
sidewalk to cross the street when the automobile was
twenty-five feet away.

Appellants' position is that the selection of the care-
taker and his conduct in going home and leaving the
child on the street or sidewalk with other children, was
such negligence as to bar recovery by the parents.   In
Railway Co. v. Pearson, 72 Pa. 169, it appeared that an
eighteen-months-old child generally in the custody of its
sister, twelve years old, escaped from the sister, and
while playing with a seven-year-old child, who had been
in the habit of playing with it, ran across a railroad
track and was injured.   Concerning the seven-year-old
custodian the court said: "Now, whether Lizzie Orr was
a competent protector, whether the parents ought to
have been satisfied when informed that he was with her,

were questions for the jury......" That rule has been approved in succeeding cases, some of which are cited in McKinney v. R. R. Co., 247 Pa. 217, and determines this appeal against appellants. The cases relied on by appellants, in which it appeared that parents exercised no control, or that a parent took his child to a place of danger and took no care of it (Pollack v. R. R. Co. (No. 2), 210 Pa. 634), have no application to this record.

Judgment affirmed.