# Dattola et ux., Appellants, *v.* Burt Bros., Inc.

*Negligence—Child of tender years—Contributory negligence of parents—Evidence—Burden of proof—Presumption of doing duty.*

1. In an action by a parent to recover for the death of a boy five years old, the burden is on plaintiff to prove defendant's negligence, without disclosing fault on his part, but he is not required to disprove contributory negligence.

2. Parents are presumed to do their duty and the mere fact that a child of tender age is momentarily found alone in a public street, does not, as a matter of law, establish contributory negligence of the parents.

3. The presence of a child upon the street may be the result of parental negligence, or in spite of vigilance, and, in the absence of any explanation, the court cannot declare it the former.

4. The question of parental care, or lack of it, is one of fact and usually for the jury.

5. Glassey v. Ry., 57 Pa. 172, and Parotta v. Ry., 40 Pa. Superior Ct. 138, explained and criticized.

*Appeals—Award of new trial—Act of May 20, 1891, P. L. 101.*

6. Where, on an appeal from a judgment for defendant n. o. v., it appears that a motion for a new trial is still pending, the appellate court, in reversing the judgment, may, under the Act of May 20, 1891, P. L. 101, grant a new trial, if, under the circumstances of the case, it deems such action proper.

Argued November 29, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 231, Jan. T., 1926, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1924, No. 12268, for defendant n. o. v., in case of Dominic Dattola et ux. v. Burt Bros., Inc. Reversed and new trial granted.

Trespass for death of child of tender years. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $3,300, on which judgment was entered for defendant n. o. v. Plaintiffs appealed.

*Error assigned* was, inter alia, judgment for defendant n. o. v., quoting record.

*H. Eugene Heine,* with him *William J. McMenamin,* for appellant.—The rule that the burden of proving contributory negligence is on defendant would appear clearly to be the settled law of this State: Coolbroth v. R. R., 209 Pa. 433; Germanton v. Shafer, 66 Pa. Superior Ct. 175; McManamon v. Twp., 232 Pa. 439; Waltosh v. R. R., 259 Pa. 372.

It is not the law that the fact that a child is discovered alone on a public highway is presumptive evidence of negligence on the part of the parents: Evers v. Traction Co., 176 Pa. 376; Woeckner v. Motor Co., 182 Pa. 182; Del Rossi v. Cooney, 208 Pa. 233.

*George Gowen Parry,* with him *Harold C. Roberts,* for appellee.—A presumption of contributory negligence on part of plaintiffs arises from the fact that the child, when injured, was alone and unprotected in a city street several blocks from its home and this presumption, in the absence of any evidence of care exercised by plaintiffs, is conclusive: Glassey v. Ry., 57 Pa. 172; Pitts., C. & M. Ry. v. Pearson, 72 Pa. 169; Pa. R. R. v. James, 81* Pa. 194; Cauley v. Ry., 95 Pa. 398; Parotta v. Ry., 40 Pa. Superior Ct. 138; Del Rossi v. Cooney, 208 Pa. 233.

OPINION BY MR. JUSTICE WALLING, January 3, 1927:

Morris Street, extending in an easterly and westerly direction, crosses Eleventh Street, Philadelphia, at right angles. There is a meat market on the northwest corner, in front of which, in Morris Street, a truck was standing on December 20, 1924, when plaintiffs' child, a boy four or five years old, in passing south on the west side of Eleventh Street, stepped out from behind the standing truck and was killed by defendant's eastbound auto truck. The evidence as to the speed of the latter and other matters bearing on the question of defendant's

negligence was conflicting.   The case was submitted to the jury and a verdict of $3,300 given plaintiffs, for the death of the child.   Later the trial court entered judgment for the defendant non obstante veredicto on the sole ground that the presence of the child in the street, unattended, raised a presumption of negligence against the parents, which the proof failed to rebut.   The only evidence as to that was the testimony of the father, who lived near by, that he thought the child was playing upstairs.   The trial court's position, while not without some semblance of support in the case, is untenable. The burden is on plaintiff to prove defendant's negligence without disclosing fault on his part, but he is not required to disprove contributory negligence: Murphy v. Phila. Rapid Transit Co., 285 Pa. 399, 406; Martin v. Southern Pa. Traction Co., 261 Pa. 96; Waltosh v. Penna. R. R. Co., 259 Pa. 372; McManamon v. Hanover Twp., 232 Pa. 439; Coolbroth v. Penna. R. R. Co., 209 Pa. 433; Fitzpatrick v. Union Traction Co., 206 Pa. 335; Baker v. Gas Co., 167 Pa. 593; Bradwell v. Ry. Co., 139 Pa. 404; Penna. Canal Co. v. Bentley, 66 Pa. 30.   A plaintiff need not prove negatively that he was not guilty of contributory negligence (Clark v. Lancaster, 229 Pa. 161), while he who avers a fact in excuse of his own misfeasance must prove it: Beatty v. Gilmore, 16 Pa. 463. Parents are presumed to do their duty and the mere fact that a child of tender age is momentarily found alone in a public street does not as matter of law establish the contrary.   The mere happening of an accident neither proves negligence nor contributory negligence.   Knowingly to permit a small child to wander unprotected upon city streets is want of care, but here the record is barren of any evidence of such permission.   The presence of a child upon the street may be the result of parental negligence or in spite of its vigilance, and, in the absence of any explanation, a court cannot declare it the former.   The question of parental care, or the lack of it, is one of fact and usually for the jury: McKinney v.

Baltimore & O. R. R. Co., 247 Pa. 217; Davis v. West-
moreland Co. Ry. Co. 222 Pa. 356; Del Rossi v. Cooney,
208 Pa. 233; Enright v. Pittsburgh Junction R. R. Co.,
204 Pa. 543; Jones v. Traction Co., 201 Pa. 346; Woeck-
ner v. Erie Electric Motor Co., 182 Pa. 182; Evers v.
Philadelphia Tract. Co., 176 Pa. 376; Lederman et ux.
v. R. R. Co., 165 Pa. 118; Dunseath v. Traction Co., 161
Pa. 124, 130; Phila. & Reading R. R. Co. v. Long, 75
Pa. 257; P. A. & M. Ry. Co. v. Pearson, 72 Pa. 169;
Zimmerman et ux. v. Younker et al., 84 Pa. Superior
Ct. 36; Loughran v. Thomas Bros. Co., 65 Pa. Superior
Ct. 302; Fineman v. Phila. Rap. Trans. Co., 42 Pa. Su-
perior Ct. 379; Corpies v. Sand Co., 31 Pa. Superior Ct.
107; Addis v. Hess, 29 Pa. Superior Ct. 505; Karahuta
v. Traction Co., 6 Pa. Superior Ct. 319. Parents are not
required to do the impossible in caring for their chil-
dren. See Henne v. Ry. Co., 1 Pa. Superior Ct. 311, 316.
In cases where the court has adjudged the parents guilty
of negligence they were shown otherwise culpable, as
where the injury occurred in presence of the parent
(Johnson et ux. v. Ry., 160 Pa. 647), or where the child
had been sent into the street upon an errand (Sullen-
berger v. Chester Trac. Co., 33 Pa. Superior Ct. 12), or
was knowingly suffered to go upon the street (Rapaport
v. Pittsburgh Rys. Co., 247 Pa. 347), or where the parent
permitted the child to engage in a hazardous business
(Smith v. Hestonville, etc., Passenger Ry. Co., 92 Pa.
450; McCool v. Coal Co., 150 Pa. 638), or permitted it,
in his presence, to do the act resulting in the injury
(Kuehne v. Brown, 257 Pa. 37; Watson v. Hiland Grove
Traction Co., 68 Pa. Superior Ct. 332).

There are also cases where children injured upon rail-
road tracks have been held trespassers in spite of their
tender years, of which Duff v. Allegheny Valley R. R.
Co., 91 Pa. 458; Cauley v. Pitts., Cincinnati and St.
Louis Ry. Co., 95 Pa. 398; Moore v. Pennsylvania R. R.
Co., 99 Pa. 301; Westerberg v. R. R. Co., 142 Pa. 471,
are typical. In the instant case the child was on the

public highway, where of right people might be, and
we have found no case where the court has declared the
parents negligent unless something more appeared than
the child's mere presence in the street on the occasion
of the accident.   Appellee relies upon Glassey v. Heston-
ville, etc., Passenger Ry. Co., 57 Pa. 172.  But that case
however, turned upon the contention, denied by the
lower court, that a father who knowingly permitted his
four-year-old child to be upon the public streets, unpro-
tected, was negligent.   This court there says: "Now it
would be strange were we not to hold that knowingly to
permit a child less than four years old to run at large
and without any protector, in the public streets of a
large city, traversed constantly by railway cars and
other vehicles, is not a breach of parental duty.  A father
has no right to expose his child to such dangers, and, if
he does, he fails in performance of his duty, and is guilty
of negligence.   The security of the community, and es-
pecially of children demands the assertion of this doc-
trine."   There is nothing in the body of the opinion to
the effect that the mere presence of a child upon the
street, without more, raises a presumption of negligence
against the parents.   There, however, the second of de-
fendant's five points states such a proposition; the trial
court refused them all; this court, in reversing, said
they should have been affirmed and granted a new trial.
It is a grave question whether the court intended to ap-
prove the proposition stated in the second point.  In any
event it was not discussed in the opinion nor necessary
to the decision.   True, the point appears in the
syllabus and has sometimes been referred to in later
cases, but never followed.  The general rule of that case,
however, as to the effect of knowingly permitting very
young children, unguarded, upon the streets, has been
and is generally accepted as sound. In Parotta v. Penna.,
etc., Ry. Co., 40 Pa. Superior Ct. 138, the judgment for
plaintiff was affirmed.   So what is there said (p. 142)
about the presence of a small child, unattended, upon

the street raising a rebuttable presumption of negligence upon part of its parents, is dicta, probably based upon the case to which we have just referred. Doubtless, where, as an undisputed fact, a very small child is knowingly suffered to be unaccompanied upon the public streets, the parents' negligence may be declared as matter of law (Phillips v. Traction Co., 8 Pa. Superior Ct. 210), but whether it is negligent to send a child six years old two squares to school, is for the jury: Parznik v. Central Abattoir Co., 284 Pa. 393.

The defendant's motion for a new trial is still pending; as judgment was entered for the defendant notwithstanding the verdict that motion was of little moment; but as we reverse the judgment it must be disposed of. We are authorized by section 2 of the Act of May 20, 1891, P. L. 101, inter alia, to grant new trials and this would seem to be a proper case for its exercise. In view of the size of the verdict, the lack of evidence as to plaintiff's condition in life and other circumstances bearing on the question of damages (Hoon v. Traction Co., 204 Pa. 369), the failure of the trial judge to instruct the jury to deduct from the probable earnings of the boy the expense of his support and maintenance (Peters v. Bessemer, etc., R. R. Co., 225 Pa. 307; Cosgrove v. Hay, 54 Pa. Superior Ct. 175), or to charge that the negligence of the parents or either of them would defeat the action (Darbrinsky v. The Penna. Co., 248 Pa. 503), we conclude a new trial should be ordered.

The judgment is reversed and a new trial is granted.