## Murphy et al. v. Omwake.

*F. Lyman Windolph and John E. Malone,* for rule.

*Harris C. Arnold and John A. Coyle,* contra.

GROFF, J., July 6, 1929.—The defendant in the above action was granted a rule to show cause why the plaintiffs should not file a more specific statement, and he alleges as his reason that:

"The plaintiffs aver in paragraph 6 that the minor plaintiff was riding in and upon an automobile driven by the defendant, but do not aver in or upon what part of said automobile the minor plaintiff was riding, nor do they aver in what capacity the minor plaintiff was riding in or upon said automobile so driven by the defendant."

The purpose of the Practice Act is to have the statement set forth the cause of action in such concise and plain language that a responsive answer can be made by the defendant, and this would apply to actions in trespass as well as to those in *assumpsit.*

In our mind, "riding in and upon an automobile" is very indefinite, and if, for any reason, the defendant should determine to file an affidavit of defense, as is his right, under the act of assembly, he should be informed whether the minor plaintiff was riding "in or upon" the automobile, and whether he was riding as a guest or in some other capacity. If a guest, the statement should state whose guest he was, and if a passenger, who received the compensation for his passage.

In Papieski v. Bridge Co., 75 Pitts. L. J. 473, the court held that a "Statement of claim in trespass to recover damages for death of plaintiff's minor son on ground that defendant was violating the child labor laws should be stricken from record where it failed to show what work was being done by minor in alleged operation of hoisting machine at time of injuries."

Plaintiffs, in their argument and in their brief filed, seem to object to filing a more specific statement, for, as they say, reciting from the opinion of Dattola *v.* Burt Brothers, 288 Pa. 134, 136: "A plaintiff need not prove negatively that he was not guilty of contributory negligence."

We assume that the plaintiffs can amend their statement without alleging such facts as would convict them of contributory negligence. If they cannot, then, of course, they would not have brought this action against the defendant.

It would seem to us that the reasoning set out in Budnaitis *v.* Mining Co., 24 Luzerne Legal Reg. 198, would be applicable to the case in hand. There it was held, that in an action of trespass for injury to a child from culm and ashes on the premises of another, the statement should show in what part of the premises the accident occurred.

We feel that plaintiff's action was brought in good faith, and cannot see how it would injure him to specifically state what part of the automobile in question the plaintiff was occupying, or in what capacity he was riding, or whose guest he was.

We, therefore, make the rule for a more specific statement absolute, and direct that it be filed within fifteen days from the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.