198   30
36 SC  580

# Kroesen *v.* New Castle Electric Street Railway Company (No. 2).

*Negligence—Infant of tender years—Parents—Contributory negligence—Province of court and jury.*

In an action against a street railway company to recover damages for personal injuries to a child four years old, the question of the parent's contributory negligence is for the jury, where the evidence shows that before the child went upon the cartway of the street, where it was injured by a car, it was seated in a chair on the sidewalk, that its mother was at an open window about twenty-five feet away, and that the child's nurse was standing on the pavement not far from the child.

Argued Oct. 18, 1900. Appeal, No. 79, Oct. T., 1900, by defendant, from judgment of C. P. Lawrence Co., June T., 1898, No. 47, on verdict for plaintiff in case of Elanor Alice Kroesen, a minor, by Edward Kroesen, her father and next friend, and Edward Kroesen in his own right, v. New Castle Electric Street Railway Company. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass for personal injuries. Before Wallace, P. J.

In addition to the facts appearing by the report of Kroesen v. New Castle Electric Street Railway Company (No. 1), ante, p. 26, it appeared that immediately prior to the accident the child, Alice, was seated in a chair on the sidewalk, that its mother and father were at an open window about twenty-five feet away, and that the child's nurse was standing on the pavement near the child.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $850. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

B. A. *Winternitz,* with him *John G. McConahy* and *D. B. & L. T. Kurtz,* for appellant.—A parent owes a reasonable duty of protection to his children and cannot cast the whole of that duty upon strangers. If he permits them, when of tender

years, to wander off in places of known danger, and by reason thereof an accident occurs to them, he has no just claim to make others bear the consequences of his own neglect: Westerberg v. Kinzua, etc., R. R. Co., 142 Pa. 471; Johnson v. Reading City Pass. Ry. Co., 160 Pa. 648.

*Oscar L. Jackson,* for appellees.—There is nothing to show contributory negligence on the part of either of the parents, and the case was properly submitted to the jury, who had abundant evidence to support their verdict: Phila. & Reading R. R. Co. v. Long, 75 Pa. 257; Penna. R. Co. v. James, 81* Pa. 194; Dunseath v. Pitts., etc., Traction Co., 161 Pa. 124; Woeckner v. Erie Electric Motor Co., 182 Pa. 182.

OPINION BY MR. JUSTICE FELL, January 7, 1901:

This appeal was argued with No. 78 in which the opinion of the court, deciding that there was sufficient evidence of the motorman's negligence to take the case to the jury, has been filed. The testimony was the same in both cases and we find nothing in it which would warrant the withdrawal of the case from the jury on the ground that the plaintiff was negligent in not selecting a proper caretaker for his child or that the person in whose care she was placed was under the circumstances negligent.

The judgment is affirmed.