# Del Rossi, Appellant, *v.* Cooney.

208      233
Case 2
210      ¹332

208      233
e 29 SC  ¹509

208      233
Case 2
35 SC  ¹409

208    233
Case 2
f40SC²142

*Negligence—Infant—Parent and child—Duty of care.*

Parents owe the duty of protection to their child of tender years, and they must exercise care to prevent it being exposed to danger in order to relieve themselves from the charge of contributory negligence if the child is injured through the fault of another. When, therefore, a parent seeks to charge a negligent defendant with injury to his child, it must appear that he has used the care towards it demanded of him by the circumstances. The care thus required, however, is only such as persons of reasonable prudence of the same class and with the same means ordinarily exercise and deem adequate to protect their children from danger.

In an action to recover damages for the death of a child four years old run down by a wagon in a street, the parents rebut the presumption of negligence arising from the fact that the child was on the street alone at the time of the accident, by evidence to the effect that they were very

poor people living in a court, that the family consisted of the parents and three children of tender age, that the father's work kept him from home in the daytime, that the father had erected a fence around the yard in front of his house to prevent his children going on the street, that the exit from the yard was through a gate, the latch of which was beyond the reach of the children, and that the father had forbade the children from going on the street alone.

Argued Jan. 19, 1903. Reargued Jan. 20, 1904. Appeal, No. 46, Jan. T., 1902, by plaintiffs, from order of C. P. No. 1, Phila. Co., June T., 1896, No. 1046, refusing to take off nonsuit in case of Antonio Del Rossi and Margaret Del Rossi, his Wife, v. John Cooney. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's son. Before BIDDLE, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order of the court refusing to take off, nonsuit.

*A. S. L. Shields*, for appellant.—The question of plaintiff's contributory negligence was for the jury : Reinike v. Phila. Traction Co., 13 Pa. C. C. Rep. 229 ; Pittsburg, A. & M. Ry. Co. v. Pearson, 72 Pa. 169; Phila. & Reading R. R. Co. v. Long, 75 Pa. 257 ; Dunseath v. Pittsburg, A. & M. Traction Co., 161 Pa. 124; Lederman v. Penna. R. R. Co., 165 Pa. 118 ; Harkins v. Pittsburg, etc., Traction Co., 173 Pa. 146 ; Evers v. Philadelphia Traction Co., 176 Pa. 376 ; Woeckner v. Erie Electric Motor Co., 182 Pa. 182; Kroesen v. New Castle Electric St. Ry. Co., 198 Pa. 30; Jones v. United Traction Co., 201 Pa. 345 ; Henne v. Peoples' Street Ry. Co., 1 Pa. Superior Ct. 311 ; Buente v. Pittsburg, etc., Traction Co., 2 Pa. Superior Ct. 185 ; Satinsky v. Mutual Brewing Co., 187 Pa. 57; Karahuta v. Schuylkill Traction Co., 6 Pa. Superior Ct. 319.

*Lincoln L. Eyre*, with him *J. Joseph Murphy*, for appellee.— There was no evidence whatever of the exercise of any care of the infant on the day in question, nor even a scintilla of evidence to that effect. The evidence of care exercised over the child on other occasions could have no bearing on the case,

unless it was supported by some evidence of care on the day or about the time of the accident: Cauley v. Pittsburg, etc., Ry. Co., 95 Pa. 398 ; Evers v. Philadelphia Traction Co., 176 Pa. 376 ; Holland v. Kindregan, 155 Pa. 156 ; Lehman v. Brooklyn, 29 Barbour, 234 ; Hartfield v. Roper, 21 Wendell, 615 ; Phila. & Reading R. R. Co. v. Long, 75 Pa. 257 ; Woeckner v. Erie Electric Motor Co., 182 Pa. 182 ; Birkett v. Knickerbocker Ice Co., 110 N. Y. 504 (18 N. E. Repr. 108).

OPINION BY MR. JUSTICE MESTREZAT, February 29, 1904 :

The facts in this case are few and the question for decision a narrow one.   About midday on January 26, 1896, the infant son of the plaintiff, four years of age, was walking from the west side of Eighth street to the east side on the south side of Marriott street, in the city of Philadelphia.   When he was nearing the gutter on the east side of Eighth street he was struck and killed by a heavily laden wagon drawn by two mules and going south.   There were two men on the wagon, one of whom was the driver who was intoxicated and was driving very rapidly and very recklessly.   When the child was first seen by the witnesses before the wagon had struck it, he was on the street car track in the center of the street and was walking east on the crossing stones.   His parents resided in a house on a small court leading off the north side of Marriott street, and which is about thirty yards from the place of the accident.   The father was a rag gatherer which necessitated his being away from home during the day.   The family consisted of the parents, a boy of eight years of age and at school the day of the accident, the boy who was killed and an infant ten months old.   The mother died in 1899.

This action was brought by the plaintiff to recover damages for the death of his son.   The defendant is the owner of the wagon and mules.   The case was tried April 24, 1901, and after the plaintiff had closed his evidence the court granted a nonsuit on the ground that the child being in the highway unattended, there arose a presumption of negligence on the part of the parents which had not been met by any evidence showing that they had exercised proper care to prevent the child escaping from their custody.   The only question, therefore, presented for consideration on this appeal is, whether

there was sufficient evidence on the trial of the cause to sustain the jury in finding that the parents of the child had exercised the care required of them to prevent his being on the street at the time of the accident.

Parents owe the duty of protection to their child of tender years, and they must exercise care to prevent it being exposed to danger in order to relieve themselves from the charge of contributory negligence if the child is injured through the fault of another. When, therefore, a parent seeks to charge a negligent defendant with injury to his child, it must appear that he has used the care towards it demanded of him by the circumstances. The care thus required, however, is only such as persons of reasonable prudence of the same class and with the same means ordinarily exercise and deem adequate to protect their children from danger. Shearman & Redfield (Law of Negligence, 5th ed. sec. 72) state with approval the following as the doctrine of our cases : " In an action by the parent or master, however, it is to be remembered that he must be actually in fault, in order to bar his recovery on the ground of his contributory fault. Where a parent or guardian has done all which can reasonably be expected of one in his circumstances, he is not debarred from recovery by the mere fact that he has not thrown as many restraints around his child for its protection as would be reasonably expected from parents having more means at their command."

Recalling the facts of this case it will be observed that the parents of the dead child were poor, and the father supported the family by his labor. His business compelled his absence from home during the day, and the duties of the household, including the care of three children—one at the breast, devolved upon the mother. The family lived in a house on a small court in one of the most thickly settled, parts of the city of Philadelphia. The plaintiff's children occasionally played in this court and were not permitted, nor were they ever seen, alone on the street. The plaintiff erected a fence around the yard in front of his house to prevent his children going on the street unattended and without permission. The exit from the yard was through a gate or door in the fence, the latch or fastening on which was beyond the reach of the children. There were other facts in the case showing that these parents,

though in the humblest condition in life exercised the highest care in protecting their children from the dangers attendant upon their being alone upon the streets of a busy city.

There was no evidence at the trial showing how the child had left the presence of his mother undetected and had escaped from the house. After leaving his home, he was first seen on the crossing in the middle of Eighth street. The mother was dead and her stilled voice could not be heard to tell how her little one had escaped her vigilance on that unfortunate day. The father, however, has spoken and if his testimony, corroborated by other evidence, is believed, the parents of the child surrounded it with all the care their humble condition and limited means would permit. They could not afford to employ a nurse to whom every movement of their child would be known. Such protection their child could not have. The watchful eye of the mother, kept vigilant by the love for her offspring, was the guardian upon which her child, like all children in his position in life, was compelled to rely for protection from danger. The father was necessarily absent, being engaged at his labor during the day. He, however, was not unmindful of the safety of his children, and with this in view, he forbade their being on the street alone, and required them to use the yard in front of his house as a play ground which he had enclosed with a fence, as he says, " to keep the children from going out." It is apparent that he exercised more care than the ordinary man in his condition in life bestows upon his children.

Whether the plaintiff rebutted the presumption of negligence arising from the fact that the child was on the street alone at the time of the accident was, we think, a question for the jury. The facts were not developed as fully as they should, and manifestly could, have been on trial of the cause, but as disclosed by the evidence they were sufficient to justify the court in refusing to determine the question as one of law.

The judgment is reversed with a procedendo.