# Murray, Appellant, v. Scranton Railway Company.

*Negligence—Street railways—Infants—Contributory negligence of parents—Question for jury.*

A mother whose duties require her personal attention in the kitchen of a humble home, is not guilty of contributory negligence, per se, in allowing a child of three years of age to be taken into the yard, or on to the road to play, in care of a sister eight years of age. The situation of the parents, the character of their home, the weather, the health of the children, their manner of living, and all the attending surroundings are elements to be considered by the jury in determining whether the parents have used reasonable precautions in safe-guarding the child.

Argued March 5, 1905. Appeal, No. 37, March T., 1908, by plaintiffs, from judgment of C. P. Lackawanna Co., Nov. T., 1904, No. 178, for defendant non obstante veredicto in case of Michael Murray and Mary Ann Murray v. The Scranton Railway Company. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for death of child. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $480.

The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Charles H. Soper,* for appellant.—If the evidence discloses that the parent took some precautions, but in spite of them the child escaped and was injured, the question of contributory negligence is for the jury: Woeckner v. Motor Co., 182 Pa. 182; Lederman v. Penna. R. R. Co., 165 Pa. 118; Summers v. Brewing Co., 143 Pa. 114; Karahuta v. Traction Co., 6 Pa. Superior Ct. 319; Buente v. Traction Co., 2 Pa. Superior Ct. 185; Kroesen v. Railway Co., 198 Pa. 30; Daubert v. Railroad Co., 199 Pa. 345; Dunseath v. Traction Co., 161 Pa. 124;

Railroad Co. v. Long, 75 Pa. 257; Jones v. Traction Co., 201 Pa. 346; Henne v. Railway Co., 1 Pa. Superior Ct. 311; Evers v. Traction Co., 176 Pa. 376.

*E. N. Willard,* with him *Everett Warren, Henry A. Knapp* and *Charles P. O'Malley,* for appellee, cited: Johnson v. Railway Co., 160 Pa. 647; Railroad Co. v. Long, 75 Pa. 257; Dunseath v. Traction Co., 161 Pa. 124; Henne v. Railway Co., 1 Pa. Superior Ct. 311; Karahuta v. Traction Co., 6 Pa. Superior Ct. 319; Sullenberger v. Traction Co., 33 Pa. Superior Ct. 12.

OPINION BY ORLADY, J., July 15, 1908:

The plaintiffs below recovered a verdict of $480, which was subsequently set aside by the court and a judgment was entered for the defendant, non obstante veredicto. In disposing of the rule for a new trial and directing a judgment for the defendant, the court below concluded that there were but two questions that required consideration. First, was there any evidence of defendant's negligence to be submitted to the jury? Second, were the plaintiffs guilty of contributory negligence? The trial judge resolved the first question in favor of the plaintiffs, but concluded, after a careful review of the evidence, that the only inference to be drawn from the uncontradicted facts, was that the mother of the child was guilty of contributory negligence. We have given it a like examination, and have arrived at a different result.

The family of Michael Murray, who was a miner by occupation, consisted of himself, his wife and six children. He resided in and owned his home, which was situated on what is called the Moosic road from Scranton. The house stood on ground about ten feet higher than the road, upon which is the street railway, and was reached by steps and a path. The mother attended to the household affairs, assisted by the children.

On Sunday evening, September 11, immediately after the family had supper together, the father left the house, and the mother and a daughter, aged sixteen, were occupied by their domestic duties; an elder being away from home. The mother

put the youngest child, aged three years, in the care of an elder sister, aged eight. The two children went out of the house together to play. The testimony of the mother is somewhat confusing in fixing the place to which she knew the children would go. In her direct examination she said "they went out on the road together, they both went out to play together." On cross-examination she testified: "Q. At the time you let the other child go out of the house with this little girl, you saw them both go out on the street. A. No, they walked out the back yard together. Q. Didn't you say yesterday, that they told you, that this little one told you she was going out to play on the road and up to Nallons? A. Not on the road, they always played on the field, but they went out on the road. Q. You saw her go out on the road? A. Yes, sir, she had to go out that way. By the court. Q. He is asking you if you saw her go out to the road on which the street car track was? A. I was in the back, and around the back. Q. You didn't see her go out on the road? A. No, sir. Q. By Mr. O'Mally. I thought you said yesterday, you were in the dining room, in the front room, and from the window you saw them go out on the road? A. The kitchen is in the back, and around to the back they always go. They don't come to the front. Q. When they went out on the road, you were in the front room? A. No, sir. I was in the kitchen. Q. You didn't see them when you were in the back of the house, when you were in the kitchen. A. In the back, they went out the back door and around the house to the front, and I was in the back. Q. You saw them go around to the front? A. Yes, sir. Q. The little one told you she was going out to play in the field? A. No, sir. She didn't say she was going out to play. The bigger girl was going out and I told her to take her sister and take care of her, with her."

The contention of the defendant is, first, that the mother permitted the two young children to go out on the road to walk or play; second, that she knew the road was a place of danger because of the street car track and the steep grade in front of the house. Third, that it is a negligent act to allow a child three years old to go out on the road in the care of an eight year old child.

While the question is a narrow one, we feel that there is a plain dividing line in the decisions, between those cases which exempt a defendant from liability by reason of the contributory negligence of a parent in allowing a child to wander on a place of manifest danger, or in failing to exercise reasonable efforts to guard the child, and the cases where the parent does exercise reasonable care in the light of the circumstances, and the child escapes and without the knowledge of the parent, goes to a place of danger. In the former class, the decisions are uniform and hold that there is no right to recover. In the latter class they are as consistent in holding that the question of contributory negligence is to be passed upon and disposed of by a jury.

In Kay v. Penna. R. R. Co., 65 Pa. 269, Judge AGNEW says: "The doctrine which imputes the neglect of a parent to the child, in such a case as this, is repulsive to our natural instincts and repugnant to the condition of that class of persons who have to maintain life by daily toil. It is not the case where the positive act of a parent or guardian has placed a child in a position of danger, necessarily requiring the care of the adult to be constantly exercised, as where a parent takes a child into the cars, and by his neglect suffers it to be injured by straying off upon the platform." That case was submitted to the jury. In Philadelphia & Reading R. R. Co. v. Long, 75 Pa. 257, the child evaded the mother and passed out into an alley unobserved by her. The court said, "To suffer a child to wander on the street has the sense of permit. If such permission or sufferance exist it is negligence. This is the assertion of a principle. But whether the mother did suffer the child to wander is a matter of fact and is the subject of evidence, and this must depend upon the care she took of her child."

In Dunseath v. Traction Co., 161 Pa. 124, the boy left the house without the mother knowing it. In Henne v. Railroad Co., 1 Pa. Superior Ct. 311, and in Buente v. Traction Co., 2 Pa. Superior Ct. 185, the child slipped away from the house during the temporary absence of a servant. In Evers v. Phila. Traction Co., 176 Pa. 376; Woeckner v. Erie Electric Motor Co., 182 Pa. 182; Karahuta v. Traction Co., 6 Pa. Superior Ct. 319;

Jones v. Traction Co., 201 Pa. 344; Kroesen v. Railway Co., 198 Pa. 30; Harkins v. Pittsburg, etc., Traction Co., 173 Pa. 146, and Daubert v. D., L. & W. R. R. Co., 199 Pa. 345, a recovery in each case was sustained for the reason that the proof was not clear that the parent failed in the duty of exercising reasonable care in allowing or permitting a child of tender years to go without proper protection into a place of known danger. Many authorities could be cited holding that want of care, or indifference, or failure to use reasonable precaution and safeguard over a child of tender years, or sending them on missions across exposed places, will prevent a recovery. But, in all such, the testimony is so clear as to be undisputed.

Measured by these standards, we cannot hold that this mother, whose duties required her personal attention in the kitchen of a humble home, was guilty of contributory negligence in allowing a child of three years of age to be taken out into the yard, or on to the road to play in the care of a sister, eight years of age. The situation of the parents, the character of their home, the weather, the health of the children, their manner of living, and all the attending surroundings are elements to be considered in disposing of this mooted question. It is not conceivable that the children of such a family must be kept in doors in pleasant weather; yards and roads are natural and proper places for them to be in healthful exercise if properly safeguarded, and from the mother's testimony it is not at all clear that she knew her children were going to or even near the street car track. In cases of such character, it is safer to have the conclusion of the jury, in the light of the circumstances, rather than to dispose of it as a matter of law, which is founded upon undisputed facts or conclusive inferences.

The case having been fairly tried by the court below and a verdict recovered, the judgment entered by the court in favor of the defendant, is reversed, and judgment is now entered in favor of the plaintiff for the amount of the verdict.