## Parrotta v. Pennsylvania & Mahoning Valley Railway Company, Appellant.

*Negligence—Street railways—Infant—Death—Contributory negligence of parent.*

1. In an action against a street railway company to recover for the death of a child between three and four years old by being run down by an electric car, the mother cannot be charged with contributory negligence in permitting the child to go on the street, where it appears that the child escaped her while she was preparing a meal, that she did not permit her children to go on the street, that she kept the front door closed, and that as soon as she missed the child she started immediately to look for her.

2. A jury is justified in finding that a motorman was guilty of negligence in running over a small child where several witnesses testify that before the accident happened they had called to the motorman when the car was from 100 to 200 feet from the child, indicating the danger of the child as she walked slowly across the street quite a distance ahead of the car, but that no attention was paid to the signal by the motorman, who was standing by the brakes with his back turned towards the front of the car engaged in conversation with persons inside the car, and that the car ran from thirty to thirty-five feet after the child was struck.

Argued May 13, 1909. Appeal, No. 36, April T., 1909, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1906, No. 66, on verdict for plaintiffs in case of Dominick Parrotta and Angelo Parrotta v. Pennsylvania & Mahoning

Valley Railway Company, operating the New Castle Electric Street Railway Company.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Trespass to recover damages for the death of a child three and one-half years old.  Before WILLIAM E. PORTER, P. J.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $845.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*C. H. Akens*, of *Akens, Wilkison, Lockhart & Chambers*, for appellant.—Parents owe the duty of protection to their child of tender years and they must exercise care to prevent it being exposed to danger, in order to relieve themselves from the charge of contributory negligence if the child is injured through the fault of another: Del Rossi v. Cooney, 208 Pa. 233; Addis v. Hess, 29 Pa. Superior Ct. 505; McCool v. Coal Co., 150 Pa. 638; Westerburg v. R. R. Co., 142 Pa. 471; Sullenberger v. Traction Co., 33 Pa. Superior Ct. 12; Phila. & Reading R. R. Co. v. Long, 75 Pa. 257; Woeckner v. Motor Co., 182 Pa. 182; Murray v. Scranton Ry. Co., 36 Pa. Superior Ct. 576.

The evidence as to the negligence of defendant was not sufficient to carry the case to the jury.

*H. K. Gregory*, of *Gregory & Dickey*, for appellee.—In passing upon the question of contributory negligence on the part of the parents, the jury should take into consideration their circumstances in life at the time of the accident.  And if the jury are satisfied that the parents took reasonable care to prevent their child from wandering upon the streets, under all the circumstances of their condition at that time, they cannot be held guilty of contributory negligence: Henne v. Railway Co., 1 Pa. Superior Ct. 311.

A motorman should always be on the alert, to avoid danger,

and his attention should never be diverted from his duties. He should keep his eye constantly on the track before him. If he is permitted to gaze at houses or other objects while his car is in motion, and an accident occurs by reason of such conduct, the company employing him must expect to be held responsible: Conner v. Pittsburg Rys. Co., 216 Pa. 609; Henne v. Railway Co., 1 Pa. Superior Ct. 311; Karahuta v. Traction Co., 6 Pa. Superior Ct. 319; Schnur v. Traction Co., 153 Pa. 29.

OPINION BY ORLADY, J., July 14, 1909:

This action of trespass was brought to recover damages from the defendant company on account of its negligence in causing the death of a child about three and one-half years of age. While the testimony of some of the plaintiff's witnesses is exceptionally direct and positive, others assert, with the same degree of confidence, a very different state of facts.

The plaintiff's family consists of himself, his wife and six small children ranging from one to ten years. His house stands six or eight feet back from the sidewalk, with a yard in front on a level with the sidewalk, but there was no fence or barrier in the front to prevent the children from going out to the street. At the time of the accident, the father, who was a mill worker, was not at home, and the mother was arranging for the supper, while the children were with her in the kitchen, or were playing in a lot in the rear of the house. It is admitted by the defendant that, "Without the knowledge of the mother, Grasella went out on Mill street with a doll baby in a basket, crossing over to the east side of the street, playing there for a while, then went back to the west side for a little distance, and then turned to go back to the east side when she was struck by the car." In explanation of her care of the child, the mother testified that she always kept the front door shut so that the children could not go out; on that day she had cooked supper and scrubbed the floor; and that the accident had happened as follows, "I didn't notice her at all when she did go out. I don't know if it was really five minutes. I thought she was in the back yard, and went to look in the back yard, and she had gone to the front street; I was just going to the front street to

look for her, and they brought me the news that she was killed. She never went out on the street. She hardly ever went out. All the neighbors can tell you that."

In regard to the speed at which the trolley car was going, and the care used by the motorman, the testimony fully warranted the jury in finding that the motorman was guilty of negligence in not having his car under proper control. A number of witnesses testified, that before the accident happened they had called to the motorman, when the car was from 100 to 200 feet from the child, indicating the danger of the child as she walked slowly across the street quite a distance ahead of the car, but that no attention was paid to these signals by the motorman, who was standing by the brakes with his back turned toward the front of the car, engaged in conversation with persons inside the car; and that the car ran from thirty to thirty-five feet after the child was struck.

The duty of the motorman has been clearly defined in many cases, and there is no exception or limitation to the requirements imposed upon him by the law. He should always be on the alert to avoid danger, and his attention should never be diverted from his duty. He should keep his eye constantly on the track before him. He is not permitted to gaze at the houses, or other objects, or engage in conversation with persons in the car while his car is in motion, and if an accident occurs by reason of such omission of his duty, the company employing him must expect to be held responsible. He must have such control of his car, so as to avoid danger ordinarily incident to its operation, and also to avoid such unusual or unexpected dangers as should be seen in time to be avoided. Taking the plaintiff's testimony as made by this record, it follows, that if the motorman in this case had exercised proper control over his car it could have been stopped in time to have avoided this accident: Conner v. Pittsburg Railways Co., 216 Pa. 609; Karahuta v. Traction Co., 6 Pa. Superior Ct. 319; Tatarewicz v. United Traction Co., 220 Pa. 560.

The question of the contributory negligence of the parent was properly submitted to the jury. The fact that as soon as the child was missed from the kitchen, the mother started imme-

diately to look for her is satisfactory evidence that the child was not permitted to be on the street, and there is no rule of human conduct that requires a mother to keep her eye constantly on a child in her own home. A child between three and four years of age, without a caretaker on a street traversed by a trolley line, would raise the presumption of negligence on the part of the parents, but such a presumption may be overcome by proof of facts showing that reasonable care had been exercised to guard or restrain the child: Del Rossi v. Cooney, 208 Pa. 233.

In the light of the testimony of the mother, which is all there is on the subject, the jury was warranted in finding that she exercised as much care as could reasonably be expected of one similarly circumstanced, while engaged in her manifold domestic duties. The conclusion reached by the jury that this child had escaped from her vigilant care was a reasonable one. There is a plain dividing line in the decisions between those cases which exempt a defendant from liability by reason of contributory negligence of parents in allowing a young child to wander to a place of manifest danger, when they have failed to exercise reasonable efforts to guide the child, and the cases where the parents do exercise reasonable care in light of the circumstances, and the child escapes without their knowledge and goes to a place of danger. In the former cases the decisions are uniform, in holding that there is no right to recover, while in the latter they are as consistent in holding that the question of contributory negligence is to be passed upon and disposed of by a jury: Murray v. Scranton Ry. Co., 36 Pa. Superior Ct. 576; Davis v. Westmoreland County Ry. Co., 222 Pa. 356.

The judgment is affirmed.