## STODD et al. v. CITY OF PHILADELPHIA.

(Circuit Court, E. D. Pennsylvania. December 12, 1910.)

No. 1,114.

1. MUNICIPAL CORPORATIONS (§ 819*)—DEFECTIVE SIDEWALK—ACTION FOR IN-
JURY TO CHILD—SUFFICIENCY OF EVIDENCE.

In an action against a city to recover for the death of a child 4½ years old who fell from a sidewalk into the driveway and was run over and killed by a passing wagon, evidence that there was a defect in the sidewalk at the place, that the child was seen approaching it, drawing a toy wagon, and that he was next seen lying in the street with his toy wagon lying tilted on the edge of the depression in the walk, was sufficient to support a finding by the jury that the defect was the cause of his being thrown into the street.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1739; Dec. Dig. § 819.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—DEFECTS IN SIDEWALK—ACTION FOR
INJURY TO CHILD—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.

The parents, of a boy 4½ years old of ordinary intelligence, who lived in a large city, are not chargeable with negligence as matter of law for permitting the child to play on the sidewalk without an attendant, although having knowledge of a defect in the walk likely to cause a child passing over it to fall, but, in an action for an injury to the child from such defect causing his death, the question of contributory negligence of the parents is one for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1754; Dec. Dig. § 821.*]

At Law. Action by William P. Stodd and Elizabeth M. Stodd against the City of Philadelphia. On motions by defendant for judgment non obstante veredicto and for a new trial. Both motions denied.

Gain & Cameron, for plaintiffs.
J. W. Catharine and James S. Alcorn, for defendant.

HOLLAND, District Judge. This is a suit to recover damages by the parents for the death of a minor child, about 4½ years old, who was killed while playing on the public highway in the city of Philadelphia. The case was submitted to the jury, and a verdict returned in favor of the plaintiffs for $620. A request for binding instructions in favor of the defendant was refused, which now entitles the defendant to move for judgment non obstante veredicto. Motion and reasons for a new trial have also been filed:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiffs were and have been residing with their parents about 11 months at No. 2153 North Twenty-Ninth street, Philadelphia, at the time of the accident which resulted in the child's death. Near the curb line of the pavement in front of premises No. 2131 North Twenty-Ninth street, which was 11 doors south of the child's home, there was a hole in the pavement, about 2 feet long, 8 inches wide. and from 1½ to 2 inches deep, the extent of which both father and mother had knowledge during all the time they lived there, and knew that it was a dangerous place for pedestrians who might inadvertently slip or drop therein and fall. At the time of the accident the father was at work, and the mother was in charge of the boy, and permitted him to go upon the sidewalk with a toy express wagon without any older person to accompany him. There was no caretaker in charge of him, nor is there any evidence to show that he was warned to keep away from that portion of the sidewalk in which the defective condition existed. The boy was traveling north upon the east or home side of Twenty-Ninth street, when opposite the house No. 2131, he fell into the street under the wheels of a heavily laden wagon, traveling in the same direction. The wagon was stopped before going entirely over his body, but the injury caused his death. His toy express wagon was tilted in the defect in the pavement, but no one saw how he was thrown into the street. The evidence simply is that he was seen in the street under the wagon, and his toy express wagon tilted, with the wheels of one side in the depression in the pavement.

It is now urged that there was no evidence to show that the depression in the pavement was the cause of the injury, and, even if the jury was right in finding that the length of time the defect existed was sufficient to charge the city with negligence, yet there was not sufficient to submit to the jury to show that the defect in the pavement was the real cause of the injury. To this view we cannot assent. We think there were sufficient facts submitted from which the jury could draw the inference that the defect in the pavement was the cause of the boy being thrown into the street. The evidence is to the effect that he was going north with his toy express wagon at this point and in the direction of the defect in the pavement, and all of a sudden he was seen prone in the street, and his toy express wagon in the depression in the pavement. From these facts alone, we think the jury was justified in finding that the boy was thrown into the street because of the defect in the sidewalk.

The defendant's counsel contends that binding instructions should have been given, "because the parents of the child were guilty of contributory negligence in permitting him to play in a place of known danger without taking precaution of any kind to safeguard him." It is no doubt true that a father has no right to expose his child of tender years to an old, well-known, and obvious danger without some one to care for it, so that it may not, by reason of its lack of knowledge, be injured. But in the matter of the use of city streets, or streets of any municipality, the sidewalks are for the use of the general public, and to a limited extent the streets can be used also by pedestrians. Parents have a right to permit their children to go upon the sidewalks

to play. There is for many of the children of a city who are old enough to walk about and indulge in childish sports, with toy wagons and other instruments for their amusement, no other place to play and enjoy the benefits of fresh air except the sidewalks and the streets, and in many of the quarters of the city of Philadelphia there are thousands of these little ones from two to seven and eight years of age who are seen daily on the sidewalks and in the middle of the streets in great numbers. The parents of these children are probably engaged—the father at his daily labor, and the mother in her household duties—to an extent that it would be impossible for each child to have a caretaker whenever they are permitted to go upon the streets. To lay down a rule that the parents of a child are not to permit it to go upon the sidewalk or street in a city without a caretaker would put four-fifths of the children of this city upon the streets at the mercy of the reckless driver of the wagon or the automobile or the street car, and prevent many of them from enjoying the benefits of outdoor exercise and air as fresh as it can be secured in the streets of a large city. Nor can it be said as a matter of law that to permit a boy of ordinary intelligence, though of the tender age of four and a half years, to go upon a sidewalk out of repair without a caretaker, is negligence on the part of the parents. A sidewalk is a place to be used by adults and children of tender years, and, when it is not in perfect order, it is dangerous to a degree even though one brick may be removed, and the greater the extent of the depression or excavation at any point the greater the degree of danger, and it may be said that the city, when it permits the sidewalk to remain out of repair to any extent for a long time, is negligence upon its part, yet it may permit the sidewalk to be out of repair to an extent that it would not be negligence on the part of parents to use the sidewalk themselves, or to permit their children of tender years to use it.

The question of contributory negligence on the part of the parents in allowing their children to use a sidewalk is always a question for the jury, whether out of repair or not, for the reason that the extent of the danger by reason of the defect or want of repair varies according to the circumstances, and is not always such an obvious, glaring, and dangerous condition as to make it a matter of law for the court to say that the action of the parents in permitting the child to use the pavement alone amounts to contributory negligence. The size of the family and ability of the parents to care for each child and at the same time earn a livelihood, all his circumstances and surroundings in life, have a bearing upon his ability to care for his children, and a question for the jury in determining the question of contributory negligence.

Our conclusion that this motion for judgment non obstante veredicto should be refused is amply justified by the following decisions: Evers v. Traction Co., 176 Pa. 376, 35 Atl. 140, 53 Am. St. Rep. 674; Kroesen v. Railway Co., 198 Pa. 30, 47 Atl. 851; Del Rossi v. Cooney, 208 Pa. 233, 57 Atl. 514; Henderson v. Refining Co., 219 Pa. 384, 68 Atl. 968, 123 Am. St. Rep. 668; Karahuta v. Traction Co., 6 Pa. Super. Ct. 319; Addis v. Hess, 29 Pa. Super. Ct. 505; Distasio v.

Traction Co., 35 Pa. Super. Ct. 406; Murray v. Scranton, 36 Pa. Super. Ct. 576; Reinike v. Traction Co., 13 Pa. Co. Ct. R. 229.

The reasons for a new trial are also overruled, as all the questions were properly submitted to the jury, and we are of opinion that the evidence justified the verdict.